IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SAMUELS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, BIG TEN CONFERENCE, and THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>*Defendants*. | Case No.: 16-cv-05270<br><br>Honorable Jorge L. Alonso |

**JOINT MOTION TO STAY AND REASSIGN**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Civil Rule 40.3(b)(6), Plaintiff Robert Samuels ("Plaintiff") and Defendants Big Ten Conference ("Big Ten") and the National Collegiate Athletic Associate ("NCAA") (collectively, the "Parties") respectfully request that this matter be reassigned as a tag-along action to the consolidated MDL proceedings pending before Judge Lee and, until such reassignment is effectuated, be stayed in the interim. In support of this motion, the Parties state as follows:

1. In December 2013, the Judicial Panel on Multidistrict Litigation ("JPML") began transferring and consolidating competing concussion class actions filed against the National Collegiate Athletic Association ("NCAA"). See Dec. 18, 2013 Transfer Order (Dkt. #53), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating one case into the parent case); Dec. 24, 2013 Conditional Transfer Order (Dkt. #55), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492

(J.P.M.L.) (conditionally and partially transferring another case); Dec. 30, 2013 Conditional Transfer Order (Dkt. #57), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating seven (7) additional cases); June 10, 2014 Conditional Transfer Order (Dkt. #64), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating another case); Nov. 12, 2014 Conditional Transfer Order (Dkt. #66), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating another case); see also Nov. 20, 2014 Docket Entry (Dkt. #68), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (finalizing conditional transfers).

3. The cases transferred and consolidated by the JPML are currently pending before the Honorable John Z. Lee in the United States District Court for the Northern District of Illinois. See Jan. 17, 2014 Executive Committee Order (Dkt. #208), Arrington v. NCAA, Case No. 11-cv-06356 (N.D. Ill.) (noting that "the Hon. John Z. Lee is presiding over MDL 2492").

4. On June 28, 2016, the NCAA filed with the JPML a notice of potential tag-along actions, informing the JPML that seven (7) cases share common issues with those the JPML previously transferred and requesting that the seven (7) new cases be transferred to the Northern District of Illinois for consolidation with the MDL proceedings already pending before Judge Lee. See June 28, 2016 Docket Entry (Dkt. #69), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.).

5. The NCAA's June 28, 2016 notice also informed the JPML that three (3) additional cases filed in the Northern District of Illinois (including this action) share common issues with the seven (7) tag-along cases and with the cases the JPML previously transferred and consolidated before Judge Lee. See June 28, 2016 Docket Entry (Dkt. #69), In re NCAA

Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.). Because those three (3) cases (including this action) were filed in the Northern District of Illinois, the Parties agree that those matters are tag-along actions as contemplated by Local Rule 40.3(b)(6) and, therefore, should be reassigned to Judge Lee. See N.D. Ill. L.R. 40.3(b)(6) ("Where a civil case is filed as a potential tag-along action to a multidistrict litigation ("MDL") proceeding pending in the district, it shall be assigned directly to the judge handling the MDL proceeding."); see also Case Management Order No. 1 (Master Dkt. #15), In re NCAA Student-Athlete Concussion Injury Litig., Case No. 1:13-cv-09116 (N.D. Ill.), at 1-2 ("Any 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motion or orders."). The three (3) cases (including this action), however, have not yet been reassigned to Judge Lee.

6. On July 6, 2016, the JPML issued a Conditional Transfer Order ("CTO-5") in which it found that the seven (7) tag-along cases identified in the NCAA's June 28, 2016 notice involve questions of fact common to the actions previously transferred to the Northern District of Illinois for consolidation with the matters already pending before Judge Lee. See July 6, 2016 Conditional Transfer Order (Dkt. #71), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.). The JPML ordered that the seven (7) tag-along cases be transferred to the Northern District of Illinois and assigned to Judge Lee. See id. On July 14, 2016, CTO-5 became final. See July 14, 2016 Conditional Transfer Order Finalized (Dkt. #73), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.).

7. In light of the pending and anticipated transfers to Judge Lee (including the anticipated reassignment of this matter), the Parties agree that this matter should be stayed

pending completion of the transfers / reassignment. As previously noted, this case shares common issues with the seven (7) tag-along cases that the JPML recently ordered to be transferred pursuant to CTO-5 and with the cases the JPML previously transferred and consolidated before Judge Lee. As a result, the Parties respectfully submit that this case should be reassigned to Judge Lee pursuant to Local Rule 40.3(b)(6). See N.D. Ill. L.R. 40.3(b)(6).

8. In light of the above, the Parties respectfully submit that good cause exists under Fed. R. Civ. P. 6(b) for the requested temporary stay pending further orders of the Court, that this motion is not brought for purposes of delay, and that the requested stay will not unduly prejudice any party.

WHEREFORE, the Parties respectfully request (i) that this matter be reassigned to the consolidated MDL proceedings pending before Judge Lee, (ii) a temporary stay of all proceedings, and (iii) whatever other relief the Court deems appropriate.

Dated: July 29, 2016    Respectfully submitted,

**ROBERT SAMUELS**, individually and on behalf of all others similarly situated,

By: /s/ J. Dominick Larry
    One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
*Attorneys for Plaintiffs and the Putative Class*

4

**BIG TEN CONFERENCE**

By: /s/ Daniel Leslie Ring
      Counsel for Defendant Big Ten Conference

Andrew S. Rosenman
arosenman@mayerbrown.com
Daniel Leslie Ring
dring@mayerbrown.com
Michael Allen Olsen
courtnotification@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION**

By: /s/ Johanna M. Spellman
      Counsel for Defendant National Collegiate Athletic Association

Mark Steven Mester
mark.mester@lw.com
Johanna Margaret Spellman
johanna.spellman@lw.com
Latham & Watkins LLP
330 N. Wabash Avenue
Suite 2800
Chicago, Illinois 60611
(312) 876-7700

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2016, I caused a true and correct copy of the foregoing JOINT MOTION TO STAY AND REASSIGN to be served through ECF notification upon all attorneys of record.

/s/ J. Dominick Larry